UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Wilfred Brasseur § | |
|     Plaintiff § | |
| § | |
| V. § | CIVIL ACTION NO. |
| § | |
| Life Insurance Company of North § | |
|     America, Defendant § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1    The plaintiff, Wilfred Brasseur, is a resident of Fort Bend County, Texas.

2    Life Insurance Company of North America ("LINA") may be served as follows:

C T Corporation System
1999 Bryan St. # 900
Dallas, Texas 75201

3    **The nature of this suit.**

This suit is brought to recover benefits due pursuant to a long term disability plan in which the plaintiff's employer, Chicago Bridge & Iron Company ("CB&I") is the policyholder and LINA is the insurer ("the Plan"). This action is brought for the relief provided in Employee Retirement Income Security Act ("ERISA"), the "Act", 29 U.S.C. §§ 1132 (a)(1)(B), i.e., to recover benefits due to the plaintiff; to enforce rights and to clarify rights to future benefits under the terms of the Plan.

The Plan is a welfare benefit plan as that term is used in 29 U.S.C. § 1002 (1).

4    **Jurisdiction**

28 U.S.C. § 1332, Diversity of citizenship; amount in controversy; costs

    a    This Court is given statutory jurisdiction pursuant to 28 U.S.C. § 1332 (a) (1)

because the matter in controversy exceeds $75,000 and is between citizens of different states.

    b    The plaintiff is a resident of Texas.

    c    LINA is not a Texas corporation and Texas is not its principal place of business.

    d    The matter in controversy is the sum of monthly benefits which have accrued and which are yet to accrue under the Plan The monthly benefit is $7,987.40, which is 60% of the plaintiff's salary. As of November of 2015 18 months of benefits, almost $144,000, had accrued.

5    **Choice of Law – Illinois**

The policyholder, CB&I, and LINA agreed that the Policy (the "Plan" herein) was issued in Illinois and that it shall be governed by the laws of Illinois.

6    **Standard of Review**

    a    LINA made the benefit determination under review.

    b    This Court's review of LINA'S decision is *de novo* in which the Court makes its own independent determination about the merits of the plaintiff's entitlement to benefits.

    c    Illinois has changed the standard of review of ERISA benefit determinations from the court-created arbitrary and capricious standard to *de novo*[1].

    d    There deference to the insurer's decision is against public policy[2].

    e    The plaintiff bears the burden of proving, by a preponderance of the evidence, that

---

[1] *50 Ill. Adm. Code § 3002.3; 29 Ill. Reg. 10172,* effective July 1, 2005

[2] *Zaccone v. Standard Life Ins. Co.*, 2013 U.S. Dist. Lexis 62062 *33 (ND Ill., May 1, 2013), Cole, J., United States Magistrate Judge; *Schlattman v. United of Omaha Life Ins. Co.*, 2013 U.S. Dist. Lexis 85905 *3, 10, 11, 14 (ND Ill., June 19, 2013), Aspen, J., United States District Judge; *Fontaine*, supra at *33.

he is entitled to benefits under the policy[3].

    f    The Illinois Department of Insurance has determined that the purpose of the statute and its accompanying regulations is to ensure that *de novo* review is the standard in ERISA cases when a denial of benefits is challenged[4].

    g    At least eight judges within the Northern District of Illinois (and two circuit courts considering similar regulations) have rejected insurers's arguments that Section 2001.3 (and similar statutes in other states) is preempted by ERISA[5].

    h    More recently the Seventh Circuit affirmed *Fontaine* and joined the Ninth and Sixth Circuits in holding that Section 2001.3 (and similar state statutes within the Ninth and Sixth Circuits) is not preempted and that the state mandated standard of review applies. *Fontaine v. Metropolitan Life Ins. Co.*, 800 F. 3d 883, 885, 889 (7th Cir., Sept. 4, 2015) (the Illinois law).

    i    Since the ERISA statute does not address the standard of review, Illinois's Section 2001.3 does not conflict with ERISA's civil enforcement remedy. *Id.* at 889 and court created standards of review do not supersede state legislation mandating which standard should apply to a benefit denial. *Id*. at 890 - 91 ("Congress [not courts] preempts state law").

    j    Administrative rules and regulations have the force and effect of law and are construed under the same standards as that of statutes[6]

    k    The language and purpose[7] of Section 2001.3 and regulations promulgated pursuant thereto is broad enough to change the court's standard of reviewing not only decisions interpreting the terms of the contract but also to those making a benefit determination; *Id.* at 892.

---

[3] *Fontaine v. Metropolitan Life Ins. Co.*, 2014 U.S. Dist. Lexis 41253 *35, 36 (ND Ill., March 27, 2014), Gottschall, J., United States District Judge.

[4] *Zaccone*, supra at *6, 7 discussing 50 Ill. Adm. Code § 2001.3 and 29 Ill. Reg. 10172, effective July 1, 2005.

[5] *Schlattman*, supra at *14, 15.

[6]. *Zaccone*, supra at *21 n. 5 (citing *People ex rel. Madigan v. Illinois Commerce Comm'n*, 231 899 N.E. 2d 227, 326 (Ill, 2008).

[7] *Fontaine*, supra at *34, 35 (rejecting MetLife's argument that the law applies only to the insurer's interpretation of the terms of the plan and not to its determination of benefits).

  l  This policy was originally issued in 2004.

  m  On June 28, 2010 the Illinois Department of Insurance determined that as of that date all currently issued and outstanding disability policies had either been issued or renewed since July 1, 2005 and that the regulation is accordingly applicable to any such policy[8].

  n  Since accrual occurs at the time the application is finally denied[9], and since LINA made its initial denial herein in 2014, the statute applies to the facts of this case and requires *de novo* review of LINA's factual determinations including its determination of benefits.

7  **Statement of the facts of this Case**

  a  "Disabled" is established when, "solely because of Injury or Sickness, [the Employee] is:

    1. unable to perform the material duties of his or her Regular Occupation; and
    2. Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation."

  **b**  **"Sickness" means "Any physical or mental illness."**

  c  The plaintiff filed a claim with the Plan Administrator for long term disability insurance benefits on April 23, 2014.

  d  At all times relevant hereto the plaintiff has been an eligible beneficiary, as an employee of Chicago Bridge & Iron ("CB&I") the Sponsor of the Plan, for benefits under the provisions of the Plan.

  e  The plaintiff was employed by CB&I as a computer engineer. He was responsible for identifying and testing software and hardware requirements for project creation and configuration. He last worked on November 15, 2013.

  f  The plaintiff was earning $159, 748 annually; he was paying 100% of the

---

[8] See *Zaccone*, supra, at *22, 23.

[9] *Zaccone*, supra, at *17, 18.

disability insurance premium with post tax dollars.

  g On April 30, 2014 Jeffrey Alford, M.D., the plaintiff's attending physician, responded to the insurer's request and reported that his patient was not able to return to work. He further stated that he had referred the patient to a psychiatrist.

  h On May 9, 2014 Deena Ghandi, M.D., a specialist in psychiatry, responded to the insurer's request and reported that her patient was suffering from severe depression and anxiety. In her opinion the condition was work related and that he was too anxious to concentrate or focus on his work and could not handle payment of household bills. She recommended counseling in addition to her treatment. Her mental status examination revealed poor psychomotor speed, poor speech, poor mood, poor affect and poor/anxious thought content. His judgment, insight and cognition were fair. Dr. Ghandi found no history of and no current substance abuse. His frequency and types of interactions with friends and family was poor. His ability to perform activities of daily living was fair but with reliance on his wife; he could not perform his competitive work tasks due to difficulty with concentration and focus. Dr. Ghandi prescribed medications for depression and anxiety.

  i On May 22, 2014 LINA denied the plaintiff's application for benefits and stated its reasons as follows:

> "Although Dr. Alford indicates that you came to see him on October 28, 2013 for stress and anxiety no psychological assessment noted nor any results reported. It is noted that Dr. Alford did refer you to Psychiatrist Dr. Ghandi. Dr. Gandhi's records indicate that medication prescribed, though measured psychological assessments not provided. Therefore our evaluation of the symptoms you describe in the above mentioned office visit notes are not supported by disability and do not support an inability to perform your own occupation. At this time your claim has been closed and no benefits are payable."

  j At the suggestion of his psychiatrist the plaintiff obtained counseling by psychologist, James Thompson, Ph.D. Dr. Thompson performed measured psychological assessments and determined that the plaintiff's symptoms prevent him from performing the competitive tasks required by his occupation.

  k The plaintiff was seen by Alfred & Vasquez, vocational consultants, who administered a series of measured vocational assessments and determined that he is unable to perform the competitive tasks required by his occupation. The findings of these experts is uncontradicted.

  l  All of the professionals who have examined and treated or tested the plaintiff have found that he is unable to perform the competitive tasks required by his occupation.

  m  None of the professionals who have examined and treated or tested the plaintiff has suggested that he is malingering or exaggerating his symptoms.

8  The plaintiff has exhausted all administrative remedies relevant to his claim and all conditions precedent to filing this suit have been satisfied.

  WHEREFORE, the plaintiff demands judgment as follows:

  a  recovery of benefits due under the terms of the Plan;
  b  enforcement of his rights under the Plan;
  c  clarification of his rights to future benefits under the terms of the Plan;
  d  pre-judgment and post-judgment interest on all sums due;
  e  attorney fees and costs, and for such other and further relief to which he is entitled.

  s/s_____
  William C. Herren
  Attorney for Plaintiff, SBN 09529500
  6363 Woodway, Suite 825
  Houston, Texas  77057
  Tel.  (713) 682-8194
  Fac.  (713) 682-8197
  Date:  December 8, 2015
  billh@herrenlaw.com